# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:18-cr-00139-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA,     ) | |
|                           Plaintiff,     ) | |
| vs.                                                        ) | **ORDER** |
| ANTHONY RYAN MOORE-POWELL   ) | |
|                           Defendant.  ) | |

**THIS MATTER** is before the Court on the Defendant's Motion to Seal Unredacted Sentencing Memorandum and Exhibits [Doc. 38].

The Defendant, through counsel, moves the Court for leave to file a Sentencing Memorandum and exhibits thereto [Doc. 35] under seal in this case. For grounds, counsel states that the memorandum and exhibits thereto contain sensitive and personal information concerning the abuse of the Defendant as a child, as well as information regarding other individuals not party to this case. [Doc. 38]. Counsel, however, fails to explain why less drastic alternatives to wholesale sealing of the memorandum and exhibits thereto would not be effective, and fails to identify the particular portions of these filings that warrant protection.

Before sealing a court document, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." <u>Ashcraft v. Conoco, Inc.</u>, 218 F.3d 288, 302 (4th Cir. 2000). In the present case, the public has been provided with adequate notice and an opportunity to object to the Defendant's motion. The Defendant filed his motion on August 22, 2019, and it has been accessible to the public through the Court's electronic case filing system since that time.

The Fourth Circuit has recently addressed the balancing that the Court should undertake in determining what portions, if any, should be redacted from a defendant's filings in a criminal case. <u>United States v. Harris</u>, 890 F.3d 480, 492 (4th Cir. 2018). References to a defendant's cooperation are entitled to sealing and should be redacted. As for other information a defendant seeks to seal, the Court should consider the materiality of the information to an understanding of the Defendant's case. The more significant the information to any relief the Defendant seeks, the less likely it should be placed in the record under seal. For instance, identities of and information regarding a defendant's family members (particularly minors) are

rarely germane to the factors for sentencing and thus would ordinarily be allowed to be redacted. Id. at 492.

Here, the first exhibit to the Defendant's Memorandum [Doc. 35-1] is the Defendant's psychological evaluation. The Defendant's psychological evaluation contains much more detailed personal information than the portions on which the Defendant's Memorandum focuses on, including information that is not relevant to the Defendant's arguments. As such, the Defendant's psychological evaluation contains sensitive medical information of the nature that is ordinarily sealed. Thus, the public's right of access to such information is substantially outweighed by the Defendant's competing interest in protecting the details of such information. See United States v. Harris, 890 F.3d at 492. However, the Defendant fails to provide sufficient grounds for the wholesale sealing of the Defendant's Memorandum and the remaining exhibits thereto. Further, the Defendant fails to identify with specificity any portions of the Memorandum and exhibits thereto that require redaction. As such, there is no basis to support a decision to seal the Defendant's Memorandum and remaining exhibits thereto.

Having considered less drastic alternatives to sealing the Defendant's Memorandum and exhibits thereto [Doc. 35], the Court concludes that less

drastic alternatives to wholesale sealing of the Defendant's Memorandum and exhibits thereto are feasible.

Accordingly, the Defendant's Motion to Seal is granted in part and denied in part, and counsel shall be permitted to file the Defendant's psychological evaluation [Doc. 35-1] under seal. However, the Defendant's motion is denied as to the sealing of the Defendant's Memorandum and remaining exhibits thereto [Docs. 35, 35-2, 35-3, 35-4, 35-5, 35-6, 35-7].

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Seal Unredacted Sentencing Memorandum and Exhibits [Doc. 38] is **GRANTED IN PART** and **DENIED IN PART**. Specifically, the Defendant's Motion to Seal is **GRANTED** to the extent that the Defendant's psychological evaluation [Doc. 35-1] shall be filed under seal and shall remain under seal until further Order of the Court. The Defendant's Motion to Seal [Doc. 38] is **DENIED WITHOUT PREJUDICE** as to the Defendant's Memorandum and remaining exhibits thereto [Docs. 35, 35-2, 35-3, 35-4, 35-5, 35-6, 35-7], however, the Defendant shall have (5) days from the entry of this Order to renew his motion to seal with an accompanying redacted version of the Sentencing Memorandum and remaining exhibits thereto on the public docket identifying the particular portions thereof that Defendant contends warrant sealing.

**IT IS SO ORDERED.**

Signed: August 26, 2019

Martin Reidinger
United States District Judge